IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JANE DOE, JOHN DOE #1, and JOHN DOE #2, *individually and on behalf of all others similarly situated*,<br><br>**Plaintiffs,**<br><br>v.<br><br>**MASTERCORP INC.**,<br><br>**Defendant.** | Case No.: 1:24-cv-678 |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF CONSENT MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS**

Plaintiffs allege they were the victims of Defendant's unlawful scheme of trafficking Colombian nationals into and/or within the United States, discriminating against them based on their national origin, and subjecting them to unlawful and grueling working conditions as live-in hotel cleaners for luxury hotels and resorts across the country. Plaintiffs claim they are concerned about suffering immigration-related harm, including deportation. Plaintiffs are concerned that the disclosure of Plaintiffs' names is sensitive and highly personal in light of their status as victims of alleged trafficking, and that the exposure of which could have adverse consequences. Therefore, the disclosure of their names could dissuade them from pursuing their rights in court. Moreover, MasterCorp, while denying liability, has agreed to the pseudonymous litigation, dispensing with any concern of unfairness. MasterCorp's agreement to the pseudonymous litigation is solely for purposes of settlement, and MasterCorp has reserved all of its rights in that regard in the event that final approval of this settlement is not obtained.

## ARGUMENT

Although a civil complaint generally must set forth the "name[s] [of] all the parties," Fed. R. Civ. P. 10(a), the Court may, in appropriate circumstances, permit parties to litigate anonymously. *See Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014) (citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)). The United States Court of Appeals for the Fourth Circuit has held that in such circumstances, "compelling concerns relating to personal privacy or confidentiality may warrant some degree of anonymity in judicial concerns, including use of a pseudonym." *Id.*

In determining whether to permit a party to litigate under a pseudonym, district courts within the Fourth Circuit are guided by at least five factors, as set forth in *James*, 6 F.3d at 238: (1) whether the justification asserted by the requesting party is "merely to avoid the annoyance and criticism that may attend any litigation" or is to "preserve privacy in a matter of sensitive and highly personal nature"; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or to innocent nonparties; (3) the ages of the parties; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party. In addition, district courts must balance the requesting party's interest against the public's interest in open judicial proceedings. *See Doe*, 749 F.3d at 273–74.

### A.  Plaintiffs' Immigration Status Implicates Important Privacy Concerns

The underlying facts of this case revolve around Plaintiffs' vulnerability to forced labor, discrimination, and wage theft based on their status of victims of alleged trafficking scheme. Specifically, Plaintiffs allege that MasterCorp recruited them from Colombia to work in the United States and leveraged their precarious immigration status to get them to continue providing labor under grueling and unlawful conditions, and discriminated against them based on their Colombian nationality. Based on statements they claim were made to them in connection with their

employment, Plaintiffs perceive that disclosure of their names in this suit could cause them to suffer immigration-related consequences, including deportation. Requiring Plaintiffs to proceed under their real names will cause the same harm Plaintiffs seek to remedy in this litigation—compensation for the economic and non-economic harm inflicted on them as a result of their status as alleged victims of trafficking.

Courts have recognized the privacy concerns implicated by a party's immigration status and permitted parties to proceed anonymously in such situations. *See, e.g.*, *Hisp. Int. Coal. of Ala. v. Governor of Ala.*, 691 F.3d 1236, 1247 & n.8 (11th Cir. 2012) (concluding that revealing immigration status could lead to "criminal prosecution, harassment, and intimidation" and that "[i]t is this reality that has led federal courts . . . to permit the plaintiffs to proceed anonymously in immigration-related cases"); *Lozano v. City of Hazleton*, 496 F. Supp. 2d 477, 510 (M.D. Pa. 2007) (considering plaintiffs' "problematic immigration status" as a basis to permit the use of pseudonyms, highlighting that the "individual identities and interests of the plaintiffs" were not necessary to reach the issues raised by the lawsuit), *aff'd in part, vacated in part*, 620 F.3d 170 (3d Cir. 2010), *vacated and remanded on other grounds*, 563 U.S. 1030, *and aff'd in part, rev'd in part*, 724 F.3d 297 (3d Cir. 2013); *see also Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068–69 (9th Cir. 2000); *Casa de Maryland, Inc. v. Trump*, No. GJH-18-845, 2018 WL 1947075, at *2 (D. Md. Apr. 25, 2018); *Int'l Refugee Assistance Project v. Trump*, CV TDC-17-0361, 2017 WL 11725964, at *2 (D. Md. Mar. 1, 2017).

Plaintiffs' privacy concerns go beyond an effort "merely to avoid the annoyance and criticism that may attend any litigation." Rather, Plaintiffs seek to avoid exposing the "sensitive and highly personal" information regarding their status as alleged victims of trafficking. *James*, 6 F.3d at 238. Thus, this factor weighs in favor of granting Plaintiffs' motion.

### B. Plaintiffs' Use of Pseudonyms Presents No Risk of Unfairness to Defendant

Plaintiffs' use of pseudonyms solely in connection with settlement in this matter is unopposed by Defendant MasterCorp. Notwithstanding this agreement, Plaintiffs' use of pseudonyms presents no risk of unfairness to MasterCorp. Indeed, the resolution of the legal issues in this case does not depend on Plaintiffs' identities. Rather, the questions posed in this case are whether MasterCorp subjected Plaintiffs, in addition to approximately 205 similarly situated Colombian workers, to a common scheme of forced labor, trafficking, discrimination, and wage theft. These questions may be resolved without any knowledge of Plaintiffs' identities. As a result, this factor weighs in favor of permitting Plaintiffs to proceed pseudonymously.

### C. Plaintiffs' Use of Pseudonyms Supports the Public Interest

Although there is a public interest in open proceedings, courts have also recognized the "long-standing strong public interest in preventing worker exploitation." *Doe v. New Ritz, Inc.*, No. CIV. WDQ-14-2367, 2015 WL 4389699, at *2 (D. Md. July 14, 2015). In the absence of anonymity, Plaintiffs may be dissuaded from pursuing their rights in federal court, thereby undermining the public interest. Moreover, as in *New Ritz*, this is not a suit "'attacking popularly enacted legislation,'[ ] but rather is a suit seeking to *enforce* legislation." *Id.* (quoting *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (emphasis in original)). As such, the concerns surrounding anonymity are lessened. Therefore, this factor weighs in favor of permitting Plaintiffs to proceed under pseudonyms.

### CONCLUSION

Plaintiffs' use of pseudonyms is necessary in this case to protect Plaintiffs' identities and preserve their privacy. Their identities are sensitive information in light of their status as alleged victims of trafficking and the risks that stem from exposing such information. Affording Plaintiffs

4

this protection—to pursue their rights under federal law—does not create any risk of unfairness to Defendant, as it has consented to this motion, and knowledge of Plaintiffs' identities is unnecessary to resolve this litigation. Further, the public interest is not harmed, but is in fact supported by the interest in preventing worker exploitation and enforcing federal law. Plaintiffs respectfully request that this Court grant Plaintiffs the ability to proceed under pseudonyms.

Dated: April 25, 2024                     Respectfully submitted,

/s/ Mark Hanna
Mark Hanna (45442)
Nicolas Mendoza (*pro hac vice* forthcoming)
Nicole Rubin (*pro hac vice* forthcoming)
Murphy Anderson PLLC
1401 K St. NW, Suite 300
Washington, DC 20005
Phone: (202) 223-2620
mhanna@murphypllc.com
nmendoza@murphypllc.com
nrubin@murphypllc.com

Rachel Geman (*pro hac vice* forthcoming)
Wesley Dozier (*pro hac vice* forthcoming)
Lieff, Cabraser, Heimann & Bernstein, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
Phone: (212) 355-9500
rgeman@lchb.com
wdozier@lchb.com

*Counsel for Plaintiffs*

5