UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| Jane Doe and John Does 1 and 2, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>MasterCorp, Inc.,<br><br>Defendant. | INDEX NO. 1:24-cv-678<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND DIRECTING NOTICE UNDER FED. R. CIV. P. 23(e) AND 29 U.S.C. § 216(b)** |

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of the Class and Collective Action Settlement and Direction of Notice Under Fed. R. Civ. P. 23(e) and 29 U.S.C. § 216(b).

WHEREAS, a proposed Class and Collective Action Settlement Agreement (the "Settlement") has been reached between the Named Plaintiffs and MasterCorp, on behalf of a proposed Settlement Class and Collective, that resolves all claims against Defendant pertaining to its alleged unlawful hiring and employment of Plaintiffs and the proposed Settlement Class and Collective;

WHEREAS, the Court, for purposes of this Order, adopts all defined terms as set forth in the Settlement;

WHEREAS, this matter has come before the Court pursuant to Plaintiffs' Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement and Direction of Notice Under Fed. R. Civ. P. 23(e) and 29 U.S.C. § 216(b) (the "Motion");

WHEREAS, Defendant does not oppose the Court's entry of this Preliminary Approval Order;

WHEREAS, the Court finds it has jurisdiction over the Action and each of the parties for purposes of this Settlement and asserts jurisdiction over the proposed Settlement Class and Collective for purposes of considering and effectuating this Settlement; and

WHEREAS, this Court has considered all of the submissions related to the Motion, and is otherwise fully advised of all relevant facts in connection therewith;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. That the Court **likely will be able to certify** the Settlement Class at Final Approval for settlement purposes only;

2. Provisional certification of the Settlement Collective is **granted** for settlement purposes only;

3. Appointment of Jane Doe and John Does 1 and 2 as Interim Class and Collective Representatives is **granted**;

4. Preliminary approval of the proposed Settlement Agreement between Named Plaintiffs, the proposed Settlement Class and Collective, and Defendant MasterCorp, Inc. under Rule 23(e)(1) and 29 U.S.C. § 216(b) is **granted**;

5. Approval of the proposed form and manner of notice to the proposed Settlement Class and Collective is **granted**;

6. Appointment of Mark Hanna of Murphy Anderson, PLLC and Rachel Geman of Lieff, Cabraser, Heimann, & Bernstein as Interim Co-Lead Counsel for the proposed Settlement Class and Collective for the purposes of conducting the necessary steps in the Settlement approval process is **granted**; and

7. Approval of the proposed schedule leading up to and including the Fairness Hearing is **granted**, namely:

| Date | Event |
|---|---|
| May 15, 2024 | Entry of Preliminary Approval Order |
| 21 days after entry of Preliminary Approval Order | Settlement Class Notice Program begins |
| 51 days after entry of Preliminary Approval Order | Settlement Class Notice Program ends |
| 77 days after entry of Preliminary Approval Order | Motion(s) for Final Approval and Attorneys' Fees and Expenses |
| 90 days after entry of Preliminary Approval Order | Objection and Opt-Out Deadline |
| 90 days after entry of Preliminary Order | Settlement Claims Deadline |
| 97 days after entry of Preliminary Approval Order | Reply Memoranda in Support of Final Approval and Fee/Expense Motion(s)<br><br>Parties file any responses to Objections |
| September 20, 2024, at 10:00 a.m. | Fairness hearing |

8. The Parties and Class Counsel agree that certification of the Rule 23 Settlement Class and Collective is a certification for settlement purposes only.

9. If the Settlement does not receive final Court approval, the Parties shall be returned to their respective positions nunc pro tunc as those positions existed immediately prior to the execution of the Settlement; the proposed Settlement Class and Collective shall be decertified; this Order will become null and void, and shall not be considered in evidence or on the issue of class or collective certification; and MasterCorp retains its right to object to class and collective certification in this Action or in any other putative class or collective action.

IT IS SO ORDERED.

DATED: 5/15/24

/s/
Michael S. Nachmanoff
United States District Judge
UNITED STATES DISTRICT JUDGE